IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| **HAROLD BLICK,** *Plaintiff,* | |
| v. | CASE NO. 3:14-CV-00022 |
| **DEUTSCHE BANK NATIONAL TRUST COMPANY,** *Defendant.* | **MEMORANDUM OPINION** |

Plaintiff Harold Blick ("Plaintiff") filed this case against Defendant Deutsche Bank National Trust Company ("Defendant"), alleging fraud and misrepresentation in violation of Virginia Code § 18.2-178. Deutsche Bank timely filed a motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5), 12(b)(6), and 12(b)(1). I gave Plaintiff an opportunity to amend his complaint to properly allege subject matter jurisdiction under 28 U.S.C. § 1332, and once Plaintiff filed his amended complaint, Defendant filed a renewed motion to dismiss. Because of the exhibits attached to both Plaintiff's complaint and Defendant's motion to dismiss, I issued an order on July 18, 2014 advising the parties that I would convert Defendant's motion to dismiss into a motion for summary judgment, giving the parties fourteen days to present any affidavits or further evidence. With the case now properly before me, I find that Plaintiff's claim is barred by res judicata and, alternatively, by Virginia Code § 8.01-243's two year statute of limitations for fraud-based claims. I will therefore grant the motion for summary judgment.[1]

**I. BACKGROUND**

---

[1] No party has requested a hearing on this motion, and upon review of the pleadings and briefs submitted by the parties to date, I find that oral argument would not aid the decisional process. Accordingly, I will resolve the motion without holding a hearing. *See* W.D. Va. Civ. R. 11(b) ("In accordance with Federal Rule of Civil Procedure 78(b), the Court may determine a motion without an oral hearing.").

[1]

Plaintiff in this case possessed two adjacent parcels of property in Albemarle County at 6525 Dick Woods Road and 6527 Dick Woods Road. This case arises out of a threatened foreclosure of the property at 6525 Dick Woods Road. Plaintiff previously filed in state court a complaint related to the foreclosure against JPMorgan Chase Bank, N.A. and Deutsche Bank National Trust Company as "Trustee" for Long Beach Mortgage Loan Trust 2005-3 and Long Beach Mortgage Loan Trust 2005-WL3. Defendants removed that case to this Court, and I dismissed Plaintiff's complaint with prejudice on March 27, 2012. *See Blick v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-00001, 2012 U.S. Dist. LEXIS 41265 (W.D. Va. Mar. 27, 2012) [hereinafter "*Blick I*"]. The United States Court of Appeals for the Fourth Circuit subsequently affirmed on August 23, 2012. *See Blick v. JP Morgan Chase Bank, N.A.*, 475 Fed. App'x 852 (4th Cir. 2012) (per curiam). Plaintiff then brought another complaint relating to the same occurrence, which I dismissed on res judicata grounds on March 29, 2013. *See Blick v. Long Beach Mortgage Loan Trust 2005-WL3*, No. 3:13-cv-0002, 2013 U.S. Dist. LEXIS 46442 (W.D. Va. Mar. 29 2013) [hereinafter "*Blick II*"]. The Fourth Circuit affirmed on September 9, 2013. *See Blick v. Long Beach Mortgage Trust 2005-WL3*, 539 Fed. Appx. 126 (4th Cir. 2013) (per curiam).[2]

In this case, essentially the third in a series of cases whose claims arise from the foreclosures, Plaintiff alleges that Defendant conspired with Jason C. Hacks and Womble Carlyle Sandridge & Rice to falsely convert Plaintiff's non-negotiable specially endorsed mortgage note into a negotiable blank bearer note. Specifically, Plaintiff alleges that Deutsche Bank "provided

---

[2] Plaintiffs have also brought two suits relating to the property at 6527 Dick Woods Road, advancing the same legal theories they put forth in *Blick I* and *Blick II*. I dismissed Plaintiffs' first suit relating to that property for failure to state a claim, *see Blick v. Wells Fargo Bank, N.A.*, No. 3:11-cv-00081, 2012 U.S. Dist. LEXIS 41266 (W.D. Va. Mar. 27, 2012), and the Fourth Circuit affirmed. *See Blick v. Wells Fargo Bank, N.A.*, 474 Fed. App'x 932 (4th Cir. 2012). I dismissed the second suit on res judicata grounds, *see Blick v. Soundview Home Loan Trust 2006-WF1*, No. 3:12-cv-00062, 2013 U.S. Dist. LEXIS 4186 (W.D. Va. Jan. 10, 2013), and the Fourth Circuit affirmed. *See Blick v. Soundview Home Loan Trust 2006-WFI*, 521 Fed. App'x 207 (4th Cir. 2013).

Womble Carlyle [a] stamped blank endorsement with the intent to misrepresent the Blick/Conroy Note as a negotiable bearer Note to the United States District Court." Pl.'s Am. Compl. at 13. Plaintiff claims that the fraudulent actions of Defendant influenced this Court and the Fourth Circuit and requests that Defendant be held liable for its misrepresentations.

## II. LEGAL STANDARD

A court may grant a motion for summary judgment only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits . . . show that there is no genuine issue as to any material fact and that [the moving party] is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The "party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion" and "demonstrat[ing] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A genuine issue of material fact exists under Rule 56 "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When evaluating a motion under Rule 56, the Court must construe all "facts and inferences to be drawn from the facts . . . in the light most favorable to the non-moving party." *Miller v. Leathers*, 913 F.2d 1085, 1087 (4th Cir. 1990) (internal quotations omitted).

In order to allow for the development of a potentially meritorious claim, federal courts have an obligation to construe pro se pleadings liberally. *See, e.g.*, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (citation omitted). Moreover, "[l]iberal construction of the pleadings is particularly appropriate where . . . there is a *pro se* complaint raising civil rights issues." *Smith v. Smith*, 589 F.3d 736, 738 (4th Cir. 2009) (quoting *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th

Cir. 1978)). Nevertheless, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### III. DISCUSSION

1. **Res Judicata**

Defendant asserts that the doctrine of res judicata bars Plaintiff's claim from proceeding because the complaint "is predicated upon the same legal theories as those presented in *Blick I and II*." When a defendant seeks to dismiss a suit based on res judicata (i.e., claim preclusion) and the original suit was decided by a federal court exercising diversity jurisdiction, the court deciding the preclusion issue must apply the law of the state in which the first federal court sits. *See Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001); *Q Intern. Courier Inc. v. Smoak*, 441 F.3d 214, 218 (4th Cir. 2006). The original suit was decided by a federal court sitting in Virginia, so Virginia law applies when deciding whether the new suit is precluded.

Rule 1:6 of the Rules of the Supreme Court of Virginia addresses "Res Judicata Claim Preclusion," and provides that:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties on any claim or cause of action that arises from that same conduct, transaction or occurrence, whether or not the legal theory or rights asserted in the second or subsequent action were raised in the prior lawsuit, and regardless of the legal elements or the evidence upon which any claims in the prior proceeding depended, or the particular remedies sought.

While Virginia law previously required that the party seeking to show claim preclusion demonstrate that the later claim required the same evidence and sought the same remedy as the earlier claim, "[b]y promulgating Rule 1:6, the Supreme Court of Virginia has discarded the same-evidence and same-remedy requirements, adopting instead a same 'conduct, transaction, or occurrence' test." *Martin-Bangura v. Va. Dept. of Mental Health*, 640 F. Supp. 2d 729, 738

(E.D. Va. 2009); *see also Ghayyada v. Rector and Visitors of Univ. of Va.*, No. 3:11-cv-00037, 2011 U.S. Dist. LEXIS 102279, at *11 n.5 (W.D. Va. Sept. 12, 2011). Under Rule 1:6, Defendant must show that: (1) there was a prior claim for relief decided on the merits by a valid and final judgment; (2) the parties are identical or in privity with each other; and (3) the claim made in the later suit arises from the same conduct, transaction, or occurrence as the claim in the first suit.

*Blick I* clearly constituted a final judgment on the merits. I dismissed with prejudice all of Plaintiff's claims for failure to state a claim, and the Fourth Circuit affirmed. *Blick II* reaffirmed this conclusion, as the Fourth Circuit affirmed dismissal on res judicata grounds. As for the second issue—the identity of the parties—Plaintiff and Defendant were both parties in both of the earlier actions. The final requirement for applying res judicata is that the claims in the later suit arise from the same "conduct, transaction, or occurrence" as those in the first suit. Deutsche Bank argues that the complaint is predicated upon the same legal theories as those in *Blick I* and *II*, and the complaint does reference previously decided issues. However, the gist of Plaintiff's present complaint is not another claim seeking that the Court declare the deed of trust and note void and enjoin foreclosure. Rather, Plaintiff is now alleging that Defendant committed fraud during the course of litigating *Blick I*. Specifically, Plaintiff now contends that he "did not know that attorney Hicks had surreptitiously inserted into the case file through the court's Pacer system a blank bearer stamp," and that this was done to confuse and mislead the Court.

Res judicata bars not only claims that were in fact brought in the earlier suit, but also those that could have been litigated. *See Martin-Bangura*, 640 F. Supp. 2d at 738 (stating that claim preclusion in Virginia "operates to bar any claim that could have been brought in conjunction with a prior claim"); *see also Reaves v. Roanoke Redevelopment & Hous. Auth.*,

2009 U.S. Dist. LEXIS 10703, at *17 (W.D. Va. 2009) ("The effect of a final decree is not only to conclude the parties as to every question actually raised and decided, but as to every claim which properly belonged to the subject of litigation and which the parties, by the exercise of reasonable diligence, might have raised at the time") (quoting *Smith v. Holland*, 124 Va. 663, 666, 98 S.E. 676, 676 (1919)). Plaintiff alleges that Hicks inserted into the case file an unrelated blank bearer stamp but also acknowledges that he "did not submit, obtain or monitor case pleadings through the court's electronic Pacer system." Plaintiff further asserts that he is a "Pro se party dependent upon receipt of Defendant counsel's mailed hard-copy Court submissions" and argues that "[h]olding a Pro Se party to the same standard of review of submitted documents as a member of the Court would be unreasonable."

However, "[p]rinciples requiring generous construction of pro se complaints are not . . . without limits." *Beaudett*, 775 F.2d at 1278 (4th Cir. 1985). Rule 7 of the Local Rules for the Western District of Virginia states that "[t]he official court record in all cases shall be the electronic file maintained in the Court's Case Management/Electronic Case Files." W.D. Va. Gen. R. 7(b). While Plaintiff did appear pro se, Rule 1 explicitly states that "[p]ersons appearing pro se are bound by these rules." W.D. Va. Gen. R. 1(b). Thus, it appears that Plaintiff, by exercise of reasonable diligence, could have monitored the filings, discovered the alleged wrongdoing, and raised this issue during the course of litigating *Blick I*. Plaintiff's assertion that Defendant inserted "a stamped blank endorsement through the court's Pacer system into the court file prior to the court's March 27, 2012 hearing" necessarily indicates that Plaintiff could have discovered this action and countered it by raising an objection at that hearing. In other words, "Plaintiff failed to pursue the issue in that action, failed to review the publicly filed documents, and failed to pursue relief from this Court based upon his current allegations" at a

[6]

time he could have done so. Accordingly, Plaintiff's fraud claim clearly could have been raised prior to or during the March 27, 2012 hearing in *Blick I*, and therefore the same transaction requirement is satisfied.

Furthermore, even if Plaintiff could not have discovered the alleged wrongdoing through the exercise of reasonable diligence during the course of litigating *Blick I*, it is indisputable that Plaintiff could have done so by the time *Blick II* was filed. Defendant explicitly drew attention to the issue Plaintiff now seeks to litigate during the appeal of *Blick I,* stating in its May 10, 2012 appellate brief that "[a] full copy of the Note, showing the endorsement in blank, was attached as Exhibit 1 to Defendants' Brief in Support of its Motion to Dismiss," referencing the January 11, 2012 filing in dispute. As Plaintiff filed a response brief in May 2012, it is clear that Plaintiff read and reviewed this statement prior to initiating *Blick II*, which was filed in Albemarle County Circuit Court on October 12, 2012. *Blick II* was then removed to this Court on January 10, 2013, and dismissed after a full round of briefing on March 29, 2013. Plaintiff clearly "by the exercise of reasonable diligence, might have raised [the fraud claim] at the time," but failed to do so. *Reaves*, 2009 U.S. Dist. LEXIS 10703, at *17. Accordingly, Plaintiff's claim is barred by res judicata.

   2. **Statute of Limitations**

Even if Defendant had not satisfied all of the requirements for res judicata, dismissal would still be appropriate because Plaintiff's claim is time barred. Virginia Code § 8.01-243 states that under Virginia law, "every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues." Va. Code § 8.01-243(A). Generally, "the right of action shall be deemed to accrue and the prescribed limitation period shall begin to run from the date the injury is sustained . . . and not when the resulting damage is discovered." Va.
[7]

Code § 8.01-230. However, "in actions for fraud or mistake," the cause of action shall be deemed to accrue "when such fraud . . . is discovered or by the exercise of due diligence reasonably should have been discovered." Va. Code § 8.01-249. Thus, while Plaintiff's injury was sustained on March 27, 2012, when I issued my opinion in *Blick I* dismissing his original claims with prejudice, the relevant question is instead when the fraud was "discovered or by the exercise of due diligence reasonably should have been discovered." *Id.*

Plaintiff claims that on April 30, 2013, he was still unaware of the alleged fraud. However, as I have noted, the record clearly indicates that during the appeal of *Blick I*, Defendant stated in its appellate brief that "[a] full copy of the Note, showing the endorsement in blank, was attached as Exhibit 1 to Defendants' Brief in Support of its Motion to Dismiss," referencing the January 11, 2012 filing. Thus, Defendant explicitly drew attention to the alleged fraud on May 10, 2012, when the appellate brief was filed. Plaintiff's Informal Response Brief was filed on May 16, 2012, but the Certificate of Service signed by Plaintiff indicates that Plaintiff filed his brief with the Clerk of the United States Court of Appeals on May 14, 2012. As Plaintiff would have had to review Defendant's filing in order to respond, the latest possible date that Plaintiff could have received actual notice is May 14, 2012.

Even if Plaintiff did not actually discover the issue he now seeks to litigate until after that date, I find that Plaintiff "by the exercise of due diligence reasonably should have been discovered" the alleged fraud during the course of litigating *Blick I*. Va. Code § 8.01-249. Because Rules 1 and 7 of the Local Rules for the Western District of Virginia stress that pro se parties must follow the local rules and that the official court record is maintained electronically, Plaintiff is not excused from having failed to monitor the case record simply because he litigated the earlier case pro se, and Plaintiff acknowledges in his current complaint that he "did not

[8]

Case 3:14-cv-00022-NKM   Document 22   Filed 08/15/14   Page 8 of 12   Pageid#: 296

submit, obtain or monitor case pleadings through the court's electronic Pacer system." Pl.'s Am. Compl. at 4. A person exercising due diligence would have monitored the official court record per Rule 7 and discovered the alleged fraud on January 11, 2012, when the unrelated stamped blank endorsement was allegedly inserted into the case file. A person exercising due diligence would also have discovered the alleged fraud on May 10, 2012, when Defendant drew attention to it in a footnote on the first page of its appellate brief, which was sent to Plaintiff and which Plaintiff read and responded to. Either date would mean the statute of limitations expired in advance of Plaintiff filing the initial complaint in this case.

In his supplemental response, Plaintiff raises the argument of incapacity for the first time. Plaintiff asserts that he and his former spouse separated in December 2011, notes that I dismissed *Blick I* on March 27, 2012, and claims that "[i]n the wake of these traumatic events among other set backs, he was diagnosed and treated for serious depression, which rendered him incapacitated during the balance of 2012.". Virginia Code § 8.01-229(A)(2)(b) does state that "[i]f a person entitled to bring [an] action becomes incapacitated, the time during which he is incapacitated shall not be computed as any part of the period within which the action must be brought . . . ." However, a conclusory allegation of incapacity is not enough to toll the statute of limitations. *See Calvert v. State Farm Fire & Cas. Co.*, 2012 U.S. Dist. LEXIS 94851, at *24-25 (W.D. Va. 2012) (noting that Virginia Code § 8.01-229 does not define "incapacity" but that Virginia courts often apply the definition of incapacity found in Virginia Code § 37.2-1000, which defines an incapacitated person as "an adult who has been found by a court to be incapable of receiving and evaluating information effectively and responding to people, events, or environments to such an extent that the individual lacks the capacity" to perform various basic tasks); *see also Sisk v.*

*Commonwealth*, 56 Va. Cir. 230, 233 (Charlottesville Cir. Ct. 2001) (finding the definition "particularly persuasive" in interpreting § 8.01-229).

Courts have instead required a strong showing to support a claim of incapacitation. *See, e.g., Kumar v. Glidden Co.*, 2006 U.S. Dist. LEXIS 18964, at *24 (E.D. Va. 2006) (asserting that "[i]f every person who required some help of another was deemed incapacitated within the meaning of the tolling statute, the statute of limitations in Virginia would cease to exist."). In this case, Plaintiff makes the naked assertion that he was incapacitated for a vague period which he defines as "the balance of 2012" following dismissal of *Blick I*. Even aside from the fact that this vague claim makes it impossible to calculate what precise period would be tolled as a result of Plaintiff's alleged incapacity, Plaintiff has not presented any evidence whatsoever in support of his assertion. In my order advising the parties that I would treat Defendant's motion as one for summary judgment, I specifically cited the admonition from Federal Rule of Civil Procedure 12(d) that "[a]ll parties must be given a reasonable opportunity to present all material that is pertinent to the motion," and advised that the parties were therefore required within fourteen days to "present any affidavits or other further evidence indicating whether there is any genuine issue of material fact." In other words, rather than dismissing Plaintiff's claim, I gave him an additional time period in which to present any remaining evidence. Plaintiff responded by asserting his new incapacitation argument, but failed to provide any evidence in support.

I find, however, that the history of this litigation provides ample evidence to support the contrary position, namely that Plaintiff was not so incapacitated as to be incapable of "manag[ing] property or financial affairs or provid[ing] for his support . . . without the assistance or protection of a conservator," or otherwise managing his affairs. Virginia Code § 37.2-1000. After I dismissed *Blick I* on March 27, 2012, Plaintiff filed a Notice of Appeal on April 4, 2012.

The record further reflects that Plaintiff filed his appellate brief with the Clerk of the United States Court of Appeals on May 14, 2012. The Fourth Circuit affirmed dismissal on August 23, 2012, but stayed its mandate on August 30, 2012 because Plaintiff had timely filed a petition for rehearing. The record also reflects that Plaintiff filed *Blick II* in the Circuit Court for Albemarle County on October 12, 2012, a mere three days after the Fourth Circuit denied Plaintiff's petition for rehearing en banc. Thus, the record demonstrates that rather than being legally incapacitated for the balance of 2012, Plaintiff, acting pro se in all of these cases, managed not only to perform basic tasks but zealously litigated his claims during the course of the year, pursuing his right of appeal in *Blick I* and filing *Blick II* almost instantly after his appeal in *Blick I* was resolved.

I therefore find that Plaintiff was not incapacitated during 2012. I also note that given my July 18, 2014 order, Plaintiff ought to have produced any contrary evidence with his response filed on August 1, 2014. To continue to give Plaintiff additional opportunities to present new evidence, and potentially new arguments, would prejudice Defendant and waste scarce judicial resources. Accordingly, I do not find that tolling the statute of limitations pursuant to Virginia Code § 8.01-229(A)(2)(b) is warranted. Instead, I find that Plaintiff's claim is time barred pursuant to Virginia Code § 8.01-243(A).

### IV. CONCLUSION

I find that Defendant has satisfied all of the requirements for res judicata, and I will therefore grant the motion for summary judgment. I also find that even if res judicata did not apply, granting the motion for summary judgment would still be appropriate because Plaintiff's claims are barred by Virginia's two year statute of limitations for fraud. An appropriate order follows.

Entered this ___15th___ day of August, 2014.

[11]

_____
NORMAN K. MOON
UNITED STATES DISTRICT JUDGE

[12]